M. ELIZABETH DAY (SBN 177125)
eday@feinday.com
DAVID ALBERTI (SBN 220265)
dalberti@feinday.com
SAL LIM (SBN 211836)
slim@feinday.com
MARC BELLOLI (SBN 244290)
mbelloli@feinday.com
**FEINBERG DAY ALBERTI LIM & BELLOLI LLP**
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Telephone:  650.618.4360
Facsimile:  650.618.4368

Attorneys for Uniloc 2017 LLC

CHASE A. SCOLNICK
(SBN 227631)
cscolnick@kelleranderle.com
KELLER/ANDERLE LLP
18300 Von Karman Ave., Suite 930
Irvine, CA 92612
Telephone: (949) 476-8700
Facsimile: (949) 476-0900

JUANITA R. BROOKS (SBN 75934)
brooks@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Attorneys for Microsoft Corporation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | CASE NO. 8:18-CV-02053-AG-JDE<br>CASE NO. 8:18-CV-02054-AG-JDE<br>CASE NO. 8:18-CV-02224-AG-JDE<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference:<br>March 25, 2019 9:00 a.m.<br><br>Hon. Andrew J. Guilford |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1, the Court's Standing Patent Rules, and the Court's Order re Early Meeting of Parties, Plaintiff Uniloc 2017 LLC, ("Uniloc") and Defendant Microsoft Corporation ("Microsoft"), (collectively referred to as the "Parties") hereby submit this Rule 26(f) Report.  This report reflects the Parties' early meeting and discussions, which began on February 4, 2019.

## I.   NATURE AND BASIS OF CASE AND CLAIMS AND DEFENSES

This report concerns three cases pending between the Parties that are simultaneously set for a Scheduling Conference with the Court on March 25, 2019.

### A.   Plaintiff's Statement:

#### 1.   Civil Action No. 8:18-cv-2053 ("2053")

On November 17, 2018, Uniloc filed its Complaint in Civil Action No. 8:18-cv-2053, asserting Microsoft's infringement of U.S. Patent Nos. 7,016,676 (the "'676 patent") 7,075,917 (the "'917 patent"), 8,706,636 (the "'636 patent") and 8,606,856 (the "'856 patent").

Microsoft filed an answer and counterclaim on December 11, 2018, denying Uniloc's allegations of infringement and asserting that Uniloc's patents are invalid and unenforceable.  Microsoft's counterclaim alleges that the '917 patent is unenforceable because the prior owner of the patent, Koninklijke Philips Elecronics N.V., breached its obligation to disclose this patent to the European Telecommunications Standards Institute ("ETSI").  Uniloc filed its response to the counterclaim on December 28, 2018 denying any breach of any contract.

The '676 patent generally relates to a method that controls alternate use of the common frequency band to provide certain predefined time intervals for the use of the first and second radio interface standard and allocate the frequency

1    band alternately to the first radio interface standard and then to the second radio

2    interface standard in a type of time-division multiplex mode.  The '917 patent

3    generally relates to a radio network controller and a terminal in a wireless

4    network that exchange data according to a hybrid ARQ method.  The '636 patent

5    generally relates to an improved system and method for permitting rights holders

6    to introduce digital assets into a controlled distribution/tracking network under

7    suitable terms of use and other customized, flexible distribution conditions.  The

8    '856 patent generally relates to the distribution of digital assets over a network

9    by embedding in the first instance of a digital asset a cutomer identification and

10   an asset identification and embedding a unique identifier in each additional

11   instance of the digital asset to track instances of the digital asset being

12   transferred by modifying transaction records debiting a customer account when

13   the transfer occurs.

14        Uniloc notified Microsoft of its infringement of the '676 patent by virtue of a

15   letter from Uniloc to Microsoft dated July 24, 2018.  Uniloc notified Microsoft of

16   its infringement of the '917 patent, the '636 patent and the '856 patent by virtue of

17   a letter from Uniloc to Microsoft dated August 10, 2018.

18        Uniloc served its Initial Disclosure of Asserted Claims and Infringement

19   Contentions and Document Production Accompanying Disclosure ("Infringement

20   Contentions") on January 4, 2019.  In those Infringement Contentions, Uniloc

21   asserts that Microsoft directly and indirectly infringes claims 1, 2 and 5 of the '676

22   Patent based on its Microsoft Surface products containing a combined

23   Bluetooth/Wi-Fi chip solution, such as the Marvell Avastar Family, claim 10 of the

24   '917 Patent based on Microsoft products and services, including without limitation

25   hotspots, modems and terminals that support HSPA/HSPA+/HSUPA/HSUPA+

26   (collectively "HSPA") standardized in UMTS 3 GPP Release 6 and above,

27   including compatible Microsoft Surface products, such as the Microsoft Surface

28   Pro with LTE and the Surface Go with LTE Advanced, and Microsoft Lumia

JOINT RULE 26(f) REPORT
Case No.: 8:18-cv-02053-AG-JDE
Case No.: 8:18-cv-02054-AG-JDE
Case No.: 8:18-cv-02224-AG-JDE

products, such as the Microsoft Lumia 535 products, Lumia 635 products, Lumia 640 LTE products, Lumia 640 XL products, Lumia 950 products, and Lumia 950 XL, claims 1, 4, 7, 8, 9, 18, 21, 24, 25, 26, 36, 38, 39, 42, 45 and 48 of the '636 Patent based Microsoft Office Products that allow for subscription sharing, and related, software, servers, user/client devices, systems and methods (including, but are not limited to, activation and installation software for all versions of Microsoft Office 365); and claims 1, 2, 4, 7, 9, 10, 12, 15, 17, 18, 20 and 23 of the '856 patent based on Microsoft Office Products that allow for subscription sharing, and related, software, servers, user/client devices, systems and methods (including, but are not limited to, activation and installation software for all versions of Microsoft Office 365).

Uniloc further contends that Microsoft is not entitled to any relief sought by its counterclaim for breach of contract based on a variety of defenses, including failure to state a claim, statute of limitations, lack of privity, indefiniteness, lack of standing, Uniloc is not a party to the any contract that Microsoft may allege was breached and because neither Uniloc nor any other person or entity breached any contract that Microsoft may allege was breached.

### 2.    Civil Action No. 8:18-cv-2054 ("2054")

On November 17, 2018, Uniloc filed its complaint in Civil Action No. 8:18-cv-2054, asserting that Microsoft infringes U.S. Pat. No. 7,020,252 (the "'252 patent"), 7,024,696 (the "'696 patent") and 8,613,110 (the "'110 patent").  On January 7, 2019, Microsoft filed a motion to dismiss the '696 patent and the '110 patent.  The hearing on Microsoft's motion to dismiss is scheduled for March 25, 2019.

The '252 patent generally relates to a system and method whereby messages posted at a communal location by a first user and made available to other uses will be relevant to those users.  The '696 patent and the '110 patent generally relate to a

1    method for preventing piracy of software applications over a communications

2    network such as the Internet where a service provider may prevent the functioning

3    of the software until it is activated by the service provider.

4          Uniloc notified Microsoft of its infringement of the '252 patent, the '696

5    patent and the '110 patent by virtue of a letter from Uniloc to Microsoft dated July

6    30, 2018.

7          Uniloc served its initial Disclosure of Asserted Claims and Infringement

8    Contentions and Document Production Accompanying Disclosure ("Infringement

9    Contentions") on January 18, 2019.  In those Infringement Contentions, Uniloc

10   asserts that Microsoft directly and indirectly infringes claims 2 and 3 of the '252

11   Patent based on devices that restrict or grant access to audio recordings by users

12   based on a qualifying parameter, such as Microsoft Stream, claims 1, 2 and 6 of the

13   '110 Patent based on Microsoft Office Products and related registration and

14   activiation systems and methods, including but not limited to activation and

15   installion software for all versions of Microsoft Office 365, and any versions of

16   Microsoft Office 2013, 2016, 2019, Office apps, Visio and Project which are

17   licensed for multiple online installs, as well as related activation and installation

18   software and servers and related software and activation servers and claims 1, 3, 4,

19   9, 24, 25, 27, 30, 31, 36 and 37 of the '696 Patent based on Microsoft Office

20   Products and related registration and activiation systems and methods, including

21   but not limited to activation and installion software for all versions of Microsoft

22   Office 365, and any versions of Microsoft Office 2013, 2016, 2019, Office apps,

23   Visio and Project which are licensed for multiple online installs, as well as related

24   activation and installation software and servers and related software and activation

25   servers.

26          **3.     Civil Action No. 8:18-cv-2224 ("2224")**

27   On December 14, 2018, Uniloc filed its complaint in Civil Action No. 8:18-

28

JOINT RULE 26(f) REPORT
Case No.: 8:18-cv-02053-AG-JDE
Case No.: 8:18-cv-02054-AG-JDE
Case No.: 8:18-cv-02224-AG-JDE

1    cv-2224, asserting that Microsoft infringes U.S. Pat. No. 6,664,891 (the "'891
2    patent").  Microsoft filed an answer and counterclaim to the Complaint on January
3    9, 2019, denying Uniloc's allegations of infringement and asserting that Uniloc's
4    patents are invalid and unenforceable. Microsoft's counterclaim alleges that the
5    '891 patent is unenforceable because the prior owner of the patent, Koninklijke
6    Philips Elecronics N.V., breached its obligation to provide a royalty free license to
7    this patent under the terms of its agreement with Bluetooth SIG.  Uniloc filed its
8    response to the counterclaim on January 30, 2019 denying any breach of any
9    contract.

10         The '891 patent generally relates to communication systems that are
11    comprised of multiple portable communication devices capable of wireless message
12    transmission, such as Bluetooth.

13         Uniloc notified Microsoft of its infringement of the '891patent by virtue of a
14    letter from Uniloc to Microsoft dated December 14, 2018.

15         Uniloc served its initial Disclosure of Asserted Claims and Infringement
16    Contentions and Document Production Accompanying Disclosure ("Infringement
17    Contentions") on January 18, 2019.  In those Infringement Contentions, Uniloc
18    asserts that Microsoft directly and indirectly infringes claims 1-4 and 14-16 of the
19    '891 Patent based on electronic communication systems such as Microsoft Surface
20    Keyboard, Surface Headphones, Surface Dial and Precision Mouse that pair with
21    other portable communication devices (including all Surface Go products, Surface
22    Pro products, Surface Laptop products and Surface Book products) using Bluetooth
23    LE beacons or Microsoft's Bluetooth Swift Pair procedure.

24         Uniloc further contends that Microsoft is not entitled to any relief sought by
25    its counterclaim for breach of contract based on a variety of defenses, including
26    failure to state a claim, statute of limitations, lack of privity, indefiniteness, lack of
27    standing, Uniloc is not a party to the any contract that Microsoft may allege was
28    breached and because neither Uniloc nor any other person or entity breached any

JOINT RULE 26(f) REPORT
Case No.: 8:18-cv-02053-AG-JDE
Case No.: 8:18-cv-02054-AG-JDE
Case No.: 8:18-cv-02224-AG-JDE

1   contract that Microsoft may allege was breached.

2       **B.   Defendant's Statement:**

3       Uniloc filed its opening round of cases, the 2053 and 2054 cases, on

4   November 17, 2018, asserting U.S. Patent Nos. 7,016,676 (the "'676 patent"),

5   7,075,917 (the "'917 patent"), 8,706,636 (the "'636 patent"), 8,606,856 (the '856

6   patent") in 2054 and U.S. Patent Nos. 7,020,252 (the "'252 patent"), 8,613,110

7   ("'110 patent"), and 7,024,696 ("'696 patent") in 2054.  Less than one month later,

8   on December 14, 2018, Uniloc filed the 2224 case, asserting U.S. Patent No.

9   6,664,891 (the "'891 patent").  Microsoft denies it infringes any of Uniloc's patents

10   in the three cases, asserts various affirmative defenses, including that Uniloc's

11   patents are invalid, unenforceable and licensed and, in 2053 and 2224, asserts

12   breach of contract counterclaims against Uniloc.

13       Uniloc recently filed two additional cases against Microsoft in this district:

14   Civil Action No. 8:19-cv-0158 ("0158") on January 28, 2019, and Civil Action No.

15   8:19-cv-0196 ("0196") on January 31, 2019.  The 0158 and 0196 suits assert two

16   more patents: U.S. Patent Nos. 9,311,485 (the "'485 patent") and 6,473,114 (the

17   "'114 patent"), respectively.  The 0158 suit is currently pending before this Court;

18   the 0196 suit is not. Microsoft filed a notice of Related Cases in those matters on

19   February, 14, 2019.

20       Microsoft has filed a motion to consolidate two of the cases (2053 and 2224).

21   Motion to Consolidate, Case No. 8:18-cv-02224, ECF No. 10.  Uniloc opposes that

22   motion, but nonetheless acknowledges that discovery in the three actions subject to

23   this report should be "coordinated for purposes of managing discovery and pretrial

24   matters."  Plaintiff's Response to Defendant's Motion to Consolidate, Case No.

25   8:18-cv-02224, ECF No. 15 at 2.  Microsoft's discovery proposals herein balance

26   the need for coordinated discovery in the three actions subject to this 26(f) report

27   (and future related actions filed by Uniloc) while at the same time eliminating

28   duplicative and unnecessary discovery.

## II.   PROPOSED DISCOVERY PLAN

### A.   Initial Disclosures

The parties exchanged initial disclosures pursuant to Fed. R. Civ. P. 26 (a) on February 4, 2019.

### B.   Proposed Case Schedule

***Chart Showing Parties' Proposed Dates:***  The chart below shows the default schedule under The Standing Patent Rules and the Parties' proposed dates for each of the three Actions.   The Parties agreed on a proposed schedule that tracks the Court's Standing Patent Rules through the service of final invalidity contentions, and propose a small deviation from the Court's Standing Patent Rules for several subsequent dates.

| Event | Standard S.P.R. Schedule | Uniloc Proposed Dates | Microsoft Proposed Dates |
|---|---|---|---|
| S.P.R. 2.4 – Scheduling Conference | | March 25, 2019 | |
| Amended Pleadings; Join Add'l Parties | | April 8, 2019 | |
| S.P.R. 2.5, 2.6 – Invalidity Contentions and Accompanying Document Production | March 18, 2019 | March 18, 2019 | |
| S.P.R. 3.1 – Exchange of Proposed Terms for Construction | April 1, 2019 | April 1, 2019 | |
| S.P.R. 3.2 – Exchange of Claim Constructions and Extrinsic Evidence | April 15, 2019 | April 15, 2019 | |
| S.P.R. 3.3 – Completion of Claim Construction Discovery | May 13, 2019 | May 13, 2019 | |
| S.P.R. 3.4 – Joint Claim Construction Discovery and Prehearing Statement | May 20, 2019 | May 20, 2019 | |
| S.P.R. 3.5 – Opening | May 28, 2019 | May 28, 2019 | |

| Event | Standard S.P.R. Schedule | Uniloc Proposed Dates | Microsoft Proposed Dates |
|---|---|---|---|
| Claim Construction Briefs | | | |
| S.P.R. 3.5 – Responsive Claim Construction Briefs, Presentation Material, and Technology Tutorial | June 10, 2019 | June 10, 2019 | |
| S.P.R. 3.6 –Claim Construction Hearing | | At a date convenient for the Court | |
| Court's Claim Construction Order | TBD | TBD | |
| S.P.R. 4.1 – Final Infringement Contentions | Claim Construction Order + 28 days | | |
| S.P.R. 4.2 – Advice of Counsel | Claim Construction Order + 28 days | | |
| S.P.R. 4.2-Final Invalidity Contentions | Final Infringement Contentions + 28 days | | |
| Close of Fact Discovery | | Final Invalidity Contentions + 90 days | |
| Simultaneous Opening Expert Reports on issues where they bear burden of Proof | Final Infringement Contentions + 28 days | Close of fact discovery + 30 days | |
| Simultaneous Rebuttal Expert Reports | Final Invalidity Contentions + 28 days | Opening Expert Reports + 45 days | |
| Close of Expert Discovery | Rebuttal Expert Reports + 28 days | Rebuttal Expert Reports + 30 days | |
| S.P.R. 4.5 – Final Day for Filing Dispositive Motions | Close of all discovery + 28 days | Close of Expert Discovery + 30 days | |
| Pretrial Conference | Dispositive Motions + 84 days | | |
| Trial Date | Pretrial Conference + 15 days | | |

## C.    Scope of Discovery

Although the full scope of discovery cannot be known at this time, the Parties

anticipate that discovery will be needed on the following topics:

    1.    The Asserted Patents, including their prosecution histories;

    2.    The alleged inventions of the asserted claims;

    3.    The structure of the Accused Products;

    4.    Sales of the Accused Products;

    5.    The Prior art;

    6.    Uniloc's claim for damages;

    7.    Microsoft's knowledge of the Asserted Patents;

    8.    Uniloc's acquisition of the Asserted Patents;

    9.    Uniloc's and the inventor's knowledge of prior art;

    10.    Encumberances on the patents;

    11.    Microsoft's breach of contract counterclaims; and

    12.    Microsoft's claim for damages.

**D.    Proposed Changes on Limitations to Discovery**

    **1.    Standing Protective Order**

The Court entered the Parties' proposed Protective Order in the 2053, 2054 and 2224 Actions.

    **2.    Standing E-Discovery Order**

The Parties have not been able to reach agreement on an E-Discovery Order and set forth their respective positions below.

***Plaintiff's Statement:***  Uniloc's proposed E-Discovery order, which tracks the Court's Standing E-Discovery Order is attached as Ex. A.  Microsoft's proposed order does not provide a reasonable approach to the discovery Uniloc needs because it is imposes a "good cause for additional discovery" in order to obtain emails that is not present in the Court's Standing E-Discovery Order with respect to the parties making initial email requests. *See* paragraph 6 of Exhibit A.  Although not entirely clear from its request for consolidation, it appears that Microsoft has contended that at least two of the cases (2053 and 2224) be consolidated. Perhaps

JOINT RULE 26(f) REPORT
Case No.: 8:18-cv-02053-AG-JDE
Case No.: 8:18-cv-02054-AG-JDE
Case No.: 8:18-cv-02224-AG-JDE

1    now Microsoft is contending that all five cases should be consolidated.  To the

2    extent consolidation of one or more cases occurs, there will be overlapping search

3    terms such that the hypothetical burden Microsoft posits below will not occur.  To

4    the extent that Microsoft believes that Uniloc's email requests are burdensome, it

5    can file a motion for protective order.  Uniloc respectfully requests that the Court

6    enter its proposed E-Discovery Order.

7         ***Defendant's Statement:***  Microsoft's proposed E-Discovery order is attached

8    as Ex. B.  The primary dispute between the parties concerns e-mail production.

9    Microsoft proposes a reasonable approach that provides Uniloc with the discovery

10   it needs: after Uniloc has reviewed Microsoft's document production, to the extent

11   Uniloc believes it has good cause for additional discovery (e.g., there is some

12   evidence that is available only upon review of e-mail), Uniloc can serve specific e-

13   email requests seeking that information.

14        In this district, there is no presumption that e-mail discovery is relevant to

15   ligation.  *Northrop Grumman Corp. v. Factory Mut. Ins. Co., No.* CV05-

16   8444DDP-PLAx, 2012 WL 12875772, at *4 (C.D. Cal. Aug. 29, 2012) ("E-mail

17   discovery is not presumptively relevant to litigation.").  The 2015 amendments to

18   the Federal Rules of Civil Procedure have brought this issue to the forefront,

19   limiting discovery to material that is both relevant and "proportional to the needs of

20   the case."  Fed. R. Civ. Pro. 26(a).  In patent cases in particular, the most relevant

21   evidence would describe the operation of the product, such as source code.  Given

22   that e-mail is not going to be the unique source of evidence for any relevant issue in

23   this case (and to the extent it is, Microsoft would agree that there was good cause

24   for searching that e-mail), Uniloc's insistence on e-mail discovery goes beyond the

25   requirements of the Federal Rules.  Without limitations, Uniloc will be entitled to

26   eight search terms from each of the eight custodians in ***each case***.  Even if 2053 and

27   2224 are consolidated, Uniloc can serve up to 128 search terms across sixteen

28   custodians in the actions subject to this report (2053, 2054 and 2224).  Without

JOINT RULE 26(f) REPORT
Case No.: 8:18-cv-02053-AG-JDE
Case No.: 8:18-cv-02054-AG-JDE
Case No.: 8:18-cv-02224-AG-JDE

1   consolidation, the number is higher (192 search terms across twenty four
2   costudians), and ***up to 320 search terms from forty custodians across the five co-***
3   ***pending cases*** if each case adopts similar discovery requirements.  There is no need
4   for such expansive discovery, in particular here where the cases themselves are of
5   varying size (e.g., the 2053 has four asserted patents, and 2224 has a single asserted
6   patent).  Thus, Microsoft requests that the Court enter Microsoft's proposed E-
7   Discovery order.

8                    **3.      Limits on Written Discovery**

9        *Plaintiff's Position*:  For each of the three cases at issue in this Scheduling
10   Conference, Uniloc proposes that the discovery limits set forth in the Federal Rules
11   of Civil Procedure govern requests for production of documents, interrogatories and
12   requests for admission, subject to the following clarification:  the Parties can serve
13   no more than 50 requests for admission other than requests for admission for the
14   purpose of authenticating documents for which there would be no limit.

15        Uniloc and Microsoft previously agreed to these exact discovery limitations
16   in a prior dismissed case that is now the 2054 case.  *See* Joint 26(f) Report, Case
17   No. 8:18-cv-01320-AG-ADS, Dkt. No. 31 at 5.  Uniloc believes that these same
18   limits should apply to each of the three cases.  Microsoft's citation to the HTC
19   cases is irrelevant.  Those suits involve different patents, different technology and a
20   single product line—HTC's phones.

21        *Defendant's Position*:  Of the five co-pending cases, three are set on the
22   same schedule, and Microsoft has filed a motion to consolidate two of the three
23   cases (2053 and 2224).  Irrespective of how the Court rules on that motion, both
24   Microsoft and Uniloc agree that the three cases set on the same schedule (2053,
25   2054 and 2224) shall be "coordinated for purposes of managing discovery and
26   pretrial matters."  Plaintiff's Response to Defendant's Motion to Consolidate, Case
27   No. 8:18-cv-02224, ECF No. 15 at 2.  Thus, Microsoft proposes the following
28   coordinated limits:

- **Interrogatories:**  Each side shall be limited to 10 common interrogatories. An interrogatory that is specified as a common interrogatory shall apply to all co-pending cases, but will only be counted as a single interrogatory for purposes of the interrogatory limit. Each side shall be limited to an additional 5 interrogatories directed to a particular case.

- **Requests for Admission:**  There is no limit to the number of requests for admission the Parties may serve to establish the authenticity and/or admissibility of documents. Additionally, each side may serve up to 25 requests for admission on the other side. A request for admission that is specified as a common request for admission shall apply to all co-pending cases, but will only be counted as a single request for admission for purposes of this discovery limit.

Uniloc previously agreed to these limits in other similarly situated cases. *See, e.g.,* Joint Status Report, *Uniloc USA, Inc. et al. v. HTC America, Inc.* 2018 WL 1570387 (W.D.Wash.) , ECF No. 24, February 16, 2018 (prior to any consolidation ruling, proposing the above limits on written discovery in a set of four cases involving six patents and more than fifteen different accused products and technologies such as Bluetooth, lithium ion battery charging, Mircast software module, exercise monitoring hardware and software, and gyroscopes).  Yet here, Uniloc proposes the default limits set forth in the Federal Rules of Civil Procedure *for each case,* irrespective of the size of each case.

Uniloc references Microsoft's prior agreement in Case No. 8:18-cv-01320-AG-ADS, but that agreement was for only a single case involving two additional co-plaintiffs (Uniloc USA and Uniloc Licensing).  Since then, Uniloc has filed three additional cases against Microsoft.  Microsoft's modified proposal here takes into account that there will be duplicative discovery in the five co-pending cases, and still allows Uniloc sufficient discovery for case specific issues.  Without

1   Microsoft's proposed limitations, each side would be entitled to 125 interrogatories

2   and 350 hours of depositions across the five cases.  There is no reason for this much

3   discovery in these cases.

4   **4.  Limits on Depositions**

5   ***Plaintiff's Position*:**  For each of the three cases, Uniloc proposes the

6   following:  With respect to fact witnesses, a limit of 70 total hours per side for

7   Fed. R. Civ. P. 30(b)(1) and 30(b)(6) depositions including party and third party

8   witnesses in each case.  With respect to expert witnesses, a limit of 7 hours for each

9   report served.  Uniloc and Microsoft previously agreed to these exact discovery

10  limitations in a prior dismissed case that is now the 2054 case.  *See* Joint 26(f)

11  Report, Case No. 8:18-cv-01320-AG-ADS, Dkt. No. 31 at 6. Uniloc believes that

12  these same limits should apply to each of the three cases.  Microsoft's citation to

13  the HTC cases is again irrelevant because those suits involve different patents,

14  different technology and a single product line—HTC's phones.

15  ***Defendant's Position:***  For the same reasons as stated above, Microsoft

16  proposes the following limitations on depositions.

17  • **Party Fact Witnesses:** Each side shall take no more than a total of 80

18     hours of 30(b)(6) and individual (30(b)(1)) depositions of the opposing

19     party.

20  • **Third Party Depositions:** Each side shall take no more than 80 hours

21     of depositions of deponents who are not covered by the party fact

22     witness or expert witness limits.

23     o  For third-party fact witnesses and third party depositions, each

24        side's total hours for party fact witnesses and third party

25        depositions will be reduced by 10 hours for each case that is

26        dismissed.  If additional time beyond the total amount granted

27        hereunder is necessary, the parties shall meet and confer in good

28        faith in an effort to reach an agreement.  Each side should make

a good faith effort to work together to avoid the need for
duplicative depositions. Nothing in these paragraphs should be
construed to enlarge or extend the default number of hours
allowed to depose a witness as set out in the Federal Rules of
Civil Procedure.

- **Expert Witnesses:**  Microsoft proposes a limit of 7 hours for each
  report served.  A "report" is defined as an opinion offered by an expert
  covering a single topic (infringement, invalidity/unenforceability,
  damages) for a single patent family.

Uniloc previously agreed to similar limits in other similarly situated cases.
*See, e.g.,* Joint Status Report, *Uniloc USA, Inc. et al. v. HTC America, Inc.* 2018
WL 1570387 (W.D.Wash.), Dkt No. 24, February 16, 2018 (prior to any
consolidation ruling, proposing only 60 hours of deposition time in a set of four
cases involving six patents and more than fifteen different accused products).

In addition to assuming that each of these cases, of varying scope, should be
entitled to the maximum discovery per case available under the Federal Rules,
Uniloc's proposal for separate discovery deposition limits in each of the cases is
unworkable as a practical matter.  There are party and third parties relevant to
issues across multiple cases (e.g., Microsoft's witnesses knowledgeable about the
product activation features at issue in both 2053 and 2054), and they should only
have to sit for a deposition once. But it is not clear how Uniloc's proposal would
account for those witnesses, short of the parties agreeing in advance that such
witnesses will be counted against deposition limits in all cases.

## 5.    Experts

The Parties agree that, pursuant to Federal Rule of Civil Procedure
26(b)(4)(b), no draft expert reports, notes, outlines or disclosures leading up to a
final expert report or declaration are discoverable in whatever form.  In addition,
where a party retains independent consultants or experts to further technical or

JOINT RULE 26(f) REPORT
Case No.: 8:18-cv-02053-AG-JDE
Case No.: 8:18-cv-02054-AG-JDE
Case No.: 8:18-cv-02224-AG-JDE

consulting services or to give testimony with respect to the subject matter of this action, the following materials will be deemed to be privileged materials or materials otherwise protected from production based on a claim of privilege (attorney-client, work product or other privilege) and thus not discoverable:

(1) Correspondence between such independent consultants or experts and a party or its outside counsel;

(2) Drafts of expert reports, declaration or any other materials drafted by or for such independent consultants or experts regarding the subject matter of this action; and

(3) Communications between such independent consultants and experts and a party of its outside counsel that are related to drafts and/or revisions of expert reports, declarations or other materials drafted by or for such independent consultants or experts, or that are related to the preparation to testify at a hearing, trial, or deposition in this action.

Such protections provided herein are to be construed in addition to and shall not diminish the protections provided in Fed. R. Civ. P. 26(b)(3)-26(b)(4).  Nothing herein, however, limits the rights of the Parties to examine an expert or consultant concerning the information he or she relied upon in forming his or her opinions, which information shall not be privileged.

### E.    Other Discovery Issues

The Parties agree that no party is required to log attorney-client privileged and/or attorney work product documents created on or after July 30, 2018, the date Uniloc commenced litigation against Microsoft.  The Parties also agree that no party is required to log attorney-client privileged and/or attorney work product documents created during the course of and concerning any prior litigation involving Uniloc and Microsoft.

The Parties agree that for papers not filed with the Court's ECF system, the service of papers electronically, such as through email, FTP or the use of online

repositories such as Box.com, constitutes proper service under Rule 5(b) so long as the service (or notification of service via FTP, Box.com etc.) is sent to the following email addresses:

- For Uniloc:  FDALB-Uniloc-MSFT-Joint@feinday.com
- For Microsoft: MS/UnilocInternal@fr.com

## III.    MATTERS TO BE ADDRESSED UNDER L.6. 26-1

### A.    Complexity

The Parties agree that the Manual for Complex Litigation should be not be relied upon generally, but if any party determines that any particular procedure in the manual may prove helpful, the parties should meet and confer and raise with the Court if appropriate.

### B.    Motion Schedule

The Parties are likely to file dispositive motions, for example, concerning issues of infringement, damages, breach of contract, one or more of Microsoft's affirmative defenses and one or more of Uniloc's affirmative defenses.  The Parties' proposed deadline for the filing of dispositive motions is thirty (30) days after the close of expert discovery, as set forth in the table above.

### C.    ADR and Settlement Discussions

The Parties have and will continue to consider possible resolution.  The Parties agree on ADR Procedure No. 3, private mediation.

### D.    Trial Estimate

***Plaintiff's Estimates*:**

For the 2053 and 2054 Actions, Uniloc estimates 7-10 court days each.  For the 2224 Action, Uniloc estimates 4-5 court days.

***Defendant's Estimates*:**

At this stage, Microsoft estimates that trial for 2053 will require 7-10 days (assuming it is consolidated with 2224) and trial for 2054 will require 7-10 days.

JOINT RULE 26(f) REPORT
Case No.: 8:18-cv-02053-AG-JDE
Case No.: 8:18-cv-02054-AG-JDE
Case No.: 8:18-cv-02224-AG-JDE

1

### E.    Other Litigation in Which the Asserted Patents are At Issue

Uniloc hereby informs the Court that certain of the Asserted Patents are pending in litigations in other venues or before the Patent Trial and Appeal Board as follows:

*Civil Action No. 8:18-cv-2053*

| Name | # | Dist. | Filed | '676 | '917 | '856 | '636 |
|------|---|-------|-------|------|------|------|------|
| Uniloc USA, Inc. et al v. Amazon.com, Inc. | 2-18-cv-00081 | TXED | 3/16/18 | | | X | |
| Uniloc 2017 LLC et al v. AT&T, Inc. et al. | 2-18-cv-00379 | TXED | 8/29/18 | X | | | |
| Uniloc 2017 LLC et al v. Verizon Communications Inc. et al. | 2-18-cv-00380 | TXED | 8/29/18 | X | X | | |
| Uniloc 2017 LLC et al v. Google LLC | 2-18-cv-00448 | TXED | 10/31/18 | X | | | |
| Uniloc 2017 LLC et al v. Google LLC | 2-18-cv-00495 | TXED | 11/17/18 | X | | | |
| Uniloc 2017 LLC v. Verizon Communications Inc. et al. | 2-18-cv-00513 | TXED | 11/17/18 | X | X | | |
| Uniloc 2017 LLC v. AT&T Services, Inc. et al. | 2-18-cv-00514 | TXED | 11/17/18 | X | | | |
| Apple, Inc. v. Uniloc 2017 LLC | IPR2019-00259 | PTAB | 11/12/18 | | X | | |
| Unified Patents Inc. v. Uniloc 2017 LLC | IPR2019-00480 | PTAB | 12/27/18 | | | X | |

*Civil Action No. 8:18-cv-2054*

A third party, Unified Patents, filed a request for inter partes review (IPR) of U.S Patent No. 7,020,252 before the Patent Trial and Appeal Board (PTAB), *Unified Patents Inc. v. Uniloc 2017 LLC*, IPR2019-00453.  To date, the PTAB has not instituted the IPR.

*Civil Action No. 8:18-cv-2224*

U.S. Patent No. 6,664,891 is pending in two other actions in the Eastern District of Texas, *Uniloc 2017 LLC v. Verizon Communications Inc., et. al.*, Case No. 2:18-cv-00513-JRG and *Uniloc 2017 LLC v. Cisco Systems Inc.,* Case No. 2:18-cv-505-JRG.

## IV.   STANDING PATENT RULES

The Parties do not propose any changes to the Court's Standing Patent Rules.

Dated: February 25, 2019

*/s/ M. Elizabeth Day*
Attorneys for Plaintiff

Dated: February 25, 2019

*/s/ Aamir Kazi*
Attorneys for Defendant

## **ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filing party hereby attests that all signatories listed concur in this filing's content and have authorized this filing.

*/s/ M. Elizabeth Day*

1

2

## <u>CERTIFICATE OF SERVICE</u>

3

4

    The undersigned certifies that the foregoing document was filed

5

electronically through the Court's CM/ECF system. As such, the foregoing

document was served  on all counsel who  have consented to electronic service

6

pursuant to  Local Civil Rule 5-3.2.1.

7

February 25, 2019                    */s/ M. Elizabeth Day*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT RULE 26(f) REPORT
Case No.: 8:18-cv-02053-AG-JDE
Case No.: 8:18-cv-02054-AG-JDE
Case No.: 8:18-cv-02224-AG-JDE