M. ELIZABETH DAY (SBN 177125)
eday@feinday.com
DAVID ALBERTI (SBN 220265)
dalberti@feinday.com
SAL LIM (SBN 211836)
slim@feinday.com
MARC BELLOLI (SBN 244290)
mbelloli@feinday.com
**FEINBERG DAY KRAMER ALBERTI LIM TONKOVICH & BELLOLI LLP**
577 Airport Blvd, Suite 250
Burlingame, CA. 94010
Tel. 650 845-4300

Attorneys for Uniloc 2017 LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNILOC 2017 LLC<br><br>Plaintiff,<br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | **LEAD CONSOLIDATED 8:18-CV-02053-JLS-JDE**<br>8:18-cv-02054-JLS-JDE<br>8:18-cv-02224-JLS-JDE<br>8:19-cv-00196-JLS-JDE<br>8:19-cv-00428-JLS-JDE<br>8:19-cv-00477-JLS-JDE<br>**LEAD CONSOLIDATED** 8:19-CV-00780-JLS-JDE<br>8:19-CV-00781-JLS-JDE<br>8:19-CV-00783-JLS-JDE<br>8:19-CV-00955-JLS-JDE<br>8:19-CV-00956-JLS-JDE<br>8:19-CV-00988-JLS-JDE<br><br>**JOINT STATUS REPORT RE *INTER PARTES* REVIEW PROCEEDINGS**<br><br>Date:     Monday, May 11, 2020<br>Time:    9:00 am<br>Crtrm:   10D<br>Judge:   Hon. Josephine L. Staton |

Pursuant to this Court's Orders (Dkt. 46 and Dkt. 107) and in advance of the hearing before this Court set for May 11, 2020, Plaintiff Uniloc 2017 LLC ("Uniloc") and Defendant Microsoft Corporation ("Microsoft") hereby jointly submit the following status report regarding the *inter partes* review ("IPR") proceedings before the Patent Trial and Appeal Board ("PTAB").

Uniloc has filed thirteen separate lawsuits spread out across the past eighteen months against Microsoft in this District asserting twenty patents against various Microsoft products. Uniloc has since dropped one suit and three patents, but the majority of Uniloc's claims remain pending. The below chart contains a summary of the patents and products at issue in each case:

| Case No. | Patent(s) | Microsoft Accused Products |
|---|---|---|
| 2053 | 7,016,676 | Surface |
| | 7,075,917 | Surface Lumia |
| | 8,706,636 8,606,856 | Office |
| 2054 | 7,020,252 | Stream |
| | 8,613,110 7,024,696 | Office Visio |
| 2224 | 6,664,891 | Surface and Accessories |
| 0196 | 6,473,114 | Teams |
| 0428 | 7,167,487 | Surface Lumia |
| 0477 | 7,092,953 | PlayReady |
| 0780 | 8,724,622 | Skype |
| 0781 | 6,836,654 | Surface Lumia |
| | 9,869,362 | Surface |
| 0783 | 8,495,359 | Skype |
| 0955 | 6,498,541 | Surface Go |
| 0956 | 6,467,088 | Windows |
| 0988 | 8,881,273 | PlayReady Defender |

1

Uniloc filed the first of the consolidated cases in November 2018. The Court consolidated these cases on March 25, 2019 (8:19-CV-02053-JLS-JDE: Dkt. 45) and stayed the consolidated action on August 9, 2019 (Dkt. 95). Uniloc filed the second round of cases in April 2019, which the Court consolidated on September 19, 2019 (8:19-CV-00780-JLS-JDE: Dkt. 30) and stayed on November 15, 2019 pursuant to the Parties' stipulation (Dkt. 46).

Microsoft filed petitions for IPR against every asserted claim of the eighteen patents-in-suit.[1] Thus far, the PTAB has granted institution on all asserted claims of eight of the patents-in-suit.[2] The PTAB denied institution for seven of the patents-in-suit—two of which (U.S. Patent Nos. 7,167,487 and 7,020,252) remain subject to instituted third-party IPR petitions. The parties are awaiting the PTAB's decisions for two of the patents-in-suit. The status of the various PTAB proceedings filed by Microsoft is summarized in the below table.

| Patent | IPR Petition No. | Filing Date | Instituted or Denied |
|---|---|---|---|
| 7,167,487 | IPR2019-00744 | March 4, 2019 | Denied |

---

[1] The patents-in-suit for the first set of consolidated cases are: U.S. Patent Nos. 7,016,676 (the "'676 patent"); 7,075,917 (the "'917 patent"); 8,706,636 (the "'636 patent"); 8,606,856 (the "'856 patent"); 7,020,252 (the "'252 patent"); 8,613,110 (the "'110 patent"); 7,024,696 (the "'696 patent"); 6,664,891 (the "'891 patent"); 6,473,114 (the "'114 patent"); 7,167,487 (the "'487 patent"); and 7,092,953 (the "'953 patent").

The patents-in-suit for the second set of consolidated cases are: U.S. Patent Nos. 8,724,622 (the "'622 patent"), 6,836,654 (the "'654 patent"), 9,869,362 (the "'362 patent"), 8,495,359 (the "'359 patent"), 6,498,541 (the "'541 patent"), 6,467,088 (the "'088 patent") and 8,881,273 (the "'273 patent").

[2] For the '676 patent, the PTAB granted institution of a petition that challenges both asserted claims (claims 1 and 2) and denied institution of a petition on a claim (claim 5) that Uniloc no longer asserts. Uniloc is not requesting to lift the stay with respect to the '676 patent. Likewise, given that the PTAB denied one petition, but also granted institution on two other petitions with respect to the '654 patent, Uniloc is not requesting to lift the stay with respect to the '654 patent.

| | | | |
|---|---|---|---|
| 7,167,487 | IPR2019-00745 | March 4, 2019 | Denied |
| 7,020,252 | IPR2019-00843 | March 22, 2019 | Denied |
| 8,606,856 | IPR2019-00976 | April 16, 2019 | Denied |
| 7,075,917 | IPR2019-00973 | April 19, 2019 | Instituted |
| 8,706,636 | IPR2019-00989 | April 22, 2019 | Denied |
| 7,016,676 | IPR2019-01116 | May 29, 2019 | Instituted |
| 7,016,676 | IPR2019-01125 | May 29, 2019 | Denied |
| 8,613,110 | IPR2019-01251 | June 25, 2019 | Instituted |
| 7,024,696 | IPR2019-01252 | June 25, 2019 | Instituted |
| 6,664,891 | IPR2019-01188 | June 25, 2019 | Instituted |
| 6,473,114 | IPR2019-01187 | June 27, 2019 | Instituted |
| 7,092,953 | IPR2019-01268 | July 10, 2019 | Denied |
| 9,869,362 | IPR2019-01390 | July 31, 2019 | Instituted |
| 6,836,654 | IPR2019-01470 | August 9, 2019 | Denied |
| 6,836,654 | IPR2019-01471 | August 9, 2019 | Instituted |
| 8,724,622 | IPR2019-01558 | September 13, 2019 | Denied |
| 8,724,622 | IPR2019-01559 | September 13, 2019 | Denied |
| 8,881,273 | IPR2019-01552 | September 16, 2019 | Denied |
| 7,092,953 | IPR2019-01648 | September 27, 2019 | Denied |
| 6,467,088 | IPR2020-00023 | October 11, 2019 | Instituted |
| 8,495,359 | IPR2020-00101 | November 1, 2019 | Awaiting Decision |
| 6,498,541 | IPR2020-00102 | November 5, 2019 | Awaiting Decision |
| 6,498,541 | IPR2020-00103 | November 5, 2019 | Awaiting Decision |

**Uniloc's Position:**

Thus far Microsoft's IPR petitions for seven of the patents-in-suit have been denied ('487, '252, '856, '636, '953, '622 and '273 patents), petitions

3

against nine of the patents-in-suit have instituted ('917, '676, '110, '696, '891, '114, '362, '654 and '088 patents) and the PTAB has yet to act on the petitions for two of the patents-in-suit ('359 and '541 patents).  In light of this, Uniloc requests that the Court lift the stay as it relates to the patents-in-suit for which Microsoft's IPR petitions have been denied.  Uniloc further requests that to the extent Microsoft's petitions for the patents-in-suit where the PTAB has not acted are denied, the stay should be lifted with respect to those patents as well.  It will be as if IPR petitions were never filed against these patents and as such, there is no good reason for the stay to remain in place.

       Microsoft claims, without any real detail, that the patents for which the Court should lift the stay (the '487 patent, the '252 patent, the '856 patent and the '636 patent) overlap such that a stay should remain in place.  Overlapping accused products alone does not justify continuing a stay.  Each patent for which the Court should lift the stay necessarily applies to different technology in the accused products because each of these patents are unrelated to the patents that will continue to be stayed.  Indeed, **none** of the patents for which the Court should lift the stay are related to any of the patents currently in IPR proceedings.  Moreover, to the extent there is any overlap in witnesses, technical documents or damages (which Microsoft alleges but provides no specifics), the parties can agree to coordinate depositions such that a witness may be questioned regarding the accused functionality.  Participating in discovery now, including producing technical and financial documents is not burdensome to Microsoft nor does it multiply the proceedings because Microsoft must proceed on the at least seven patents that are not subject to a pending IPR.  The same applies to the depositions of inventors listed on more than one patent or any discovery directed at the prior owners of one more than one of the asserted patents.  Coordinated discovery, not a further stay, is the better approach in light of the PTAB's rejection of at least seven of Microsoft's IPR petitions.

Microsoft continues to highlight the success of institution of third party IPR proceedings, yet refuses to agree to IPR estoppel. The Court already rejected reliance on such petitions. *See* Dkt. No. 65 at p. 2 ("The Court won't consider third party petitions in the stay calculus because Microsoft won't be subject to IPR estoppel if those proceedings eventually end in a final written decision.").

Finally, Uniloc is prejudiced by continuing any stay for the at least seven patents for which Microsoft was unable to convince the PTAB to institute an IPR. *See* Fed. R. Civ. Proc. 1 (the Federal Rules "should be construed, administered, and employed by the court and the parties to secure, speedy, and inexpensive determination of every action and proceeding"). Uniloc's patent assets are depreciating, finite life assets. The longer it takes to establish the value of Uniloc's patents in litigation, the less valuable they become as additional infringers can free-ride off of the delay imposed by Microsoft. While Uniloc appreciates that COVID-19 has made life inconvenient, this Court's General Order and COOP guidelines permit video and telephonic hearings and are in place to help move cases forward where possible. Microsoft alludes to "complications of conducting discovery," but Uniloc has not experienced these complications in any of its other cases. Defendants in other cases are participating in document collection and production and video depositions. Although there may be a few days delay in the service of subpoenas, they are still being served and third-party discovery is moving forward. Witness interviews can take place by telephonic or video conference. It is fundamentally unfair to Uniloc to maintain a stay for several more years when Microsoft was unsuccessful in getting IPRs to institute as to all asserted claims in these consolidated actions. As Uniloc explained to counsel for Microsoft during the parties' telephonic meet and confer on April 20, 2010, if the Court lifts the stay, the parties will negotiate and submit a proposed schedule that will accommodate

5

the current shelter in place deadlines, yet allowing for discovery to proceed.

Uniloc respectfully requests that the Court lift the stay for the '487, '252, '856, '636, '953, '622 and '273 patents. If the Court lifts the stay, Uniloc respectfully requests a deadline for the parties to submit a revised Joint Scheduling Order. If the Court is inclined to keep the stay in place, Uniloc requests the ability to submit an updated Joint Status Report and a further status conference in the next three months, subject to the Court's convenience.

**Microsoft's Position:**

These cases have been consolidated from the outset to simplify the burden imposed on the Court and the parties, and thus, keeping them consolidated is the most efficient way to deal with the intertwined nature of Uniloc's claims. In December 2018, Microsoft filed a motion to consolidate the three cases pending at the time (Nos. 8:18-cv-02053, -02054, and -02224) into a single proceeding. Dkt. No. 10 (2224 Case). The Court granted Microsoft's motion in March 2019, and of its own volition, included in that consolidation four additional cases that Uniloc had filed in the interim (Nos. 8:19-cv-00158, -00196, -0428, and -0477) ("the 2053 cases"). Judge Guilford also encouraged the parties to try and consolidate future cases as well. Mar. 9, 2019 Hearing Tr. at 21:21-23 ("See if you can agree that the pending case gets consolidated or future pending cases get consolidated. If not, bring it to me."). When Uniloc filed the remaining six cases (Nos. 8:19-cv-0780, -0781, -0783, -0955, -0956 and -0988) ("the 780 cases"), because the 2053 cases were approaching claim construction, the parties agreed to consolidate the 780 cases on a separate track for pre-trial purposes.

After Microsoft filed IPR petitions on all patents asserted in the 2053 cases, the Court granted Microsoft's motion to stay those cases. A few months later, the parties stipulated to stay the 780 cases pending the PTAB's institution decisions on the patents asserted in those cases. Dkt. No. 45 (780). At the previous status conference on January 13, 2020 before Judge Guilford, the Court

1  maintained the stay as to all patents – instituted and not instituted – bringing us
2  to present day.
3      Microsoft agrees with Uniloc that the stay should remain in place for the
4  following patents where the PTAB as instituted IPR proceedings: 7,075,917;
5  7,016,676; 8,613,110; 7,024,696; 6,664,891; 6,473,114; 9,869,362; 6,836,654;
6  6,467,088; 8,495,359; and 6,498,541.
7      Microsoft disagrees with Uniloc's proposal to unwind the consolidations
8  and proceed piecemeal with the remaining patents—8,706,636 (the "'636
9  patent"), 8,606,856 (the "'856 patent"), 7,020,252 (the "'252 patent"), 7,167,487
10 (the "'487 patent"), 7,092,953 (the "'953 patent"), 8,724,622 (the "'622 patent"),
11 and 8,881,273 (the "'273 patent")—particularly given (1) the significant overlap
12 in technology and fact discovery issues those patents share with patents that the
13 parties agree should remain stayed; (2) the likelihood that ongoing PTAB
14 proceedings will simplify (or nullify) disputes over the '487 and '252 patents
15 well before these patents would be tried in the instant case; and (3) the fact that
16 unnecessarily creating duplicative discovery inflicts an even greater burden on
17 the parties and the Court given COVID-19 stay-in-place orders and the Court's
18 partial closing.  Microsoft therefore proposes that the stay also remain in place
19 for these additional patents—as it did following the parties' previous joint report
20 (Dkt. No. 106) and the Court's January 11, 2020 status conference on these same
21 issues—given the efficiencies and simplification of issues that would result from
22 the continued stay.
23     There is a significant relationship and overlap of issues as between patents
24 for which Uniloc proposes the stay should be lifted and the patents both parties
25 agree should remain subject to the stay.  In such situations, the efficiencies and
26 simplification of issues favors maintaining the stay on all such patents.
27 *Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, No. C-13-03587, 2014
28 WL 4802426, at *4 (N.D. Cal. Sept. 26, 2014) ("In the past where courts in this

7

district have encountered this type of situation—where IPR or reexam has been instituted as to one patent-in-suit, but not a related patent—courts have elected to stay the entire case.") (citing Order Denying Motion to Lift Stay, at 7; *Sonics, Inc. v. Arteris, Inc.*, 2013 WL 503091, at *3 (N.D. Cal. Feb. 8, 2013) ("When there are overlapping issues between the reexamined patents and other non-reexamined patents-in-suit, courts have found that staying the entire case is warranted."); *KLA–Tencor Corp. v. Nanometrics, Inc.*, 2006 WL 708661, at *4 (N.D. Cal. March 16, 2006) ("When there are overlapping issues between the reexamined patents and other patents in suit, courts have found staying the entire case to be warranted."); *Methode Elec., Inc. v. Infineon Techs. Corp.*, No. C 99-21142 JW, 2000 WL 35357130, at *3 (N.D. Cal. Aug. 7, 2000) ("granting a stay with respect to only the '408 patent would be problematic since the '468 patent involves the same accused device")).

First, the technology, and Uniloc's allegations under the '487 patent significantly overlap with that of the '917, '891, and '676 patents—all of which both parties agree should remain stayed. As Uniloc argued in its opposition to Microsoft's previous motion to stay the individual '487 patent case, the "accused products span multiple asserted patents…," the "***same Microsoft Surface products*** [are alleged to] infringe four of the patents —the '487 patent and U.S. Patent Nos. 7,016,676, 7,075,917 and 6,664,891," and thus "staying [only the '487 patent] ***would defeat the purpose of the consolidation***…." D.I. 58 at 1-2, 4 (emphasis added). Indeed, the Court acknowledged this "technological overlap" when denying Microsoft's earlier motion to stay only the '487 patent case while the other consolidated cases involving overlapping technology proceeded. D.I. 65 at 2. This admitted technological overlap yields efficiencies provided that the patents proceed on the same track. For example, the relevant technical, marketing, and damages witnesses—e.g. those in Microsoft's initial disclosures—overlap across these cases and thus their depositions can be

coordinated. The patents were also originally assigned to the same third-party and share common assignment records. Given the overlap among these patents, it would be less efficient to proceed on the '487 patent, while the other three ('676, '917, and '891 patents) remain subject to the agreed-upon stay. Uniloc agrees that its allegations across these patents target the same products. However, while Uniloc previously emphasized the accused product overlap to oppose Microsoft's stay motion, Uniloc now attempts to downplay the overlap by arguing that different aspects of the accused products are targeted across the patents. Uniloc does not explain why this should change the equation given all the witnesses, technical documents, and damages issues that are common across the cases. In the end, Uniloc's proposal will necessarily duplicate discovery.

Second, the same concerns for efficiency and simplification suggest that the '856 and '636 patents remain stayed, while the PTAB resolves the patentability of the '110 and '696 patents. Uniloc's allegations under each of these patents specifically implicate common functionality within the same accused Microsoft product, namely Microsoft Office's installation and activation procedures. Thus, these cases too implicate overlapping Microsoft witnesses (e.g. those already identified in Microsoft's initial disclosures), technical documents, and damages issues, making it more efficient to proceed in parallel. Again, Uniloc does not dispute that proceeding piecemeal with these separate cases will multiply the proceedings.

Third, these efficiency and simplification concerns further counsel that the case regarding '622 patent remains stayed while the PTAB resolves the patentability of the '359 patent. Uniloc asserts each of these patents against the same accused Microsoft Skype product. Therefore, these cases, as above, similarly implicate overlapping Microsoft witnesses, technical documents, and damages issues.

Fourth, the issues implicated by and discovery required for the '273, '953,

'359, and '362 patents also overlap. Discovery for the '273 patent will overlap with discovery for the '359, and '362 patents least because these patents share the same named inventor, Craig Etchegoyan. The issues and discovery for the '273 patent and the '953 patent will also overlap because Uniloc asserts the '273 and '953 patents against the same accused product, Microsoft PlayReady. Accordingly, these cases too implicate overlapping witnesses, technical documents, and damages issues, and they should be litigated in parallel to preserve efficiency.

      Fifth, Uniloc's case concerning the '252 patent also shares common issues—which will require overlapping discovery—with the '676, '917, '891, '487, and '114 patents, at least because Uniloc obtained these patents (originally from Koninklijke Philips NV) through a series of transactions involving Pendragon Wireless LLC and IPG Electronics. While the '252 patent admittedly does not share the same level of technical overlap with the other asserted patents, splitting this patent off from the consolidated case would multiply efforts in the proceeding and undue the efficiencies gained by the Court's consolidation, e.g. with respect to consolidated claim construction proceedings, coordinated Uniloc and third party fact depositions, and shared discovery limits. *See* D.I. 45, 53, 54. Keeping patents sharing overlapping issues on the same track is the most efficient way forward and alone justifies maintaining the stay with respect to all patents-in-suit.

      Further, while Microsoft's IPR petitions on the '487 and '252 patents were denied, there remains a substantial likelihood that the PTAB will simplify, if not resolve, the parties' disputes over these patents well before any trial in the instant case because there are instituted third party IPRs pending on those patents, which separately suggests the stay should be maintained for these patents. For the '487 patent in particular, the PTAB did ***not*** deny institution of Microsoft's IPR petitions on the substantive merits, but rather exercised its

discretion under 35 U.S.C. 325(d) to deny institution after finding that Microsoft's petitions "rel[y] on substantially the same prior art and raise[] substantially the same arguments raised in the [already instituted] Apple IPR[s]." The Apple IPRs (Nos. 2019-00222 and 2019-00252)[3] challenge the same claims and were instituted after the PTAB found they had a "reasonable likelihood of success."[4] The expected final decision date on the Apple IPRs is only weeks away, on or before June 4, 2020.[5] Similarly, the Unified IPR (No. 2019-00453) as to the '252 patent was instituted on all claims included in Microsoft's petition and has an expected final decision on or before July 26, 2020. Moving forward with Uniloc's case under these patents poses a significant risk that the parties and the Court will unnecessarily expend resources litigating claims that are later cancelled by the PTAB or modified in scope by way of amendments or arguments made during the PTAB proceedings. *See Aylus Networks, Inc. v. Apple Inc.,* 856 F.3d 1353, 1364 (Fed. Cir. 2017) ("Accordingly, we hold that statements made by a patent owner during an IPR proceeding, whether before or after an institution decision, can be relied upon to support a finding of prosecution disclaimer."). This risk can be avoided by maintaining the stay as to these patents. And while Uniloc is correct that no actual estoppel will apply based upon these third party IPR petitions, as a practical matter Microsoft is not likely to rely on the same art as in those petitions if the patents are not invalidated in those proceedings. Thus, one way or the other, the case will have been narrowed as a result of the IPR proceedings.

Finally, the burdens associated with the duplicative discovery and proceedings generated from moving forward piecemeal on the asserted patents

---

[3] IPR Nos. 2019-00222 and 2019-00252 were jointly filed by Apple, Inc., LG Electronics, Inc., Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc.
[4] Dkt. No. 106 (2053), Exhibit A at 4; Exhibit B at 4.
[5] PTAB instituted trial on June 4, 2019. "An *inter partes* review proceeding shall be administered such that pendency before the Board after institution is normally no more than one year." 37 C.F.R. § 42.100(c).

11

are amplified given the outstanding COVID-19 outbreak and associated restrictions. As Chief Judge Phillips' Standing Order recognizes, the State of California has declared a national emergency in response to the COVID-19 outbreak. 2020-3-19 Standing Order (No. 20-042). And this Court is operating under a Continuity of Operations Plan ("COOP"), under which the Court is closed to the public and not holding in-person hearings in civil cases (set aside certain emergency matters) through at least June 1, 2020. *Id.;* 2020-4-13 General Order (No. 20-05). Further, the State of California and the State of Washington (where Microsoft is headquartered and the location of many relevant witnesses) remain under stay-at-home orders.[6] Although, Microsoft recognizes that this Court's General Order and COOP guidelines permit video and telephonic hearings, and are in place to help move cases forward where possible, the complications of conducting discovery in a multi-patent case implicating various Microsoft products during a lockdown are significant. For instance, stay-at-home orders complicate at least tasks such as: document collection and production, depositions, subpoena service, witness interviews, and third party discovery, to name several. While Microsoft acknowledges there are likely ways to account for many of these complications, doing so in the present case makes less sense given that much of this discovery that would have to navigate COVID-19-related obstacles, would then later have to be repeated given the overlap among the cases. This burden could be avoided entirely by continuing the stay and allowing the cases to proceed together following the conclusion of the IPR proceedings—hopefully without COVID-19 complications.

    In sum, maintaining the stay for all asserted patents in the instant consolidated case is the most efficient way to simplify the issues and administration of this consolidated proceeding. Uniloc's offer to coordinate

---

[6] Information on these states' stay-at-home orders and the associated Executive Orders are located here: https://covid19.ca.gov/stay-home-except-for-essential-needs/ and here: https://www.coronavirus.wa.gov/whats-open-and-closed

discovery does not address the inefficiencies of its approach—if a patent that is currently stayed pending an IPR survives, the parties will need to conduct duplicative discovery at a later date. There is no practical way to coordinate that discovery in advance, as any attempt to predict the outcome of the pending IPRs at this stage is speculative. Uniloc also still cannot show prejudice from a continued stay. As the Court's Order recognized, Uniloc is "a non-practicing entity [and] has not shown undue prejudice by the entry of a stay." D.I. 95 at 3. Uniloc's sole alleged prejudice—i.e. that its patent assets are "depreciating, finite life assets"—is the same argument it made prior to the parties' previous status conference (after which the stay was continued), and it remains unfounded. Uniloc fails to explain how any damages it demands from Microsoft's alleged infringement are affected by a continued stay. And Uniloc's related position that a continued stay would permit "additional infringers [to] free-ride off of the delay" makes no sense as nothing precludes Uniloc from pursuing additional infringers—stay or no stay.

      Microsoft proposes that the stay remain in place for all patents-in-suit and that the parties provide the Court with an additional joint status update at a time set by the Court such that the parties can keep the Court apprised of any additional information pertinent to the stay.

      Respectfully submitted,

Dated: April 27, 2020

/s/ M. Elizabeth Day
Attorneys for Plaintiff

Dated: April 27, 2020

/s/ Aamir Kazi
Aamir A. Kazi

JUANITA R. BROOKS (SBN 75934)
brooks@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070

Facsimile: (858) 678-5099

Aamir A. Kazi (*Pro Hac Vice*)
Email: kazi@fr.com
Benjamin K. Thompson
(*Pro Hac Vice*)
Email: bthompson@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE
21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Indranil Mukerji (*Pro Hac Vice*)
Email: mukerji@fr.com
FISH & RICHARDSON P.C.
1000 Maine Ave SW Suite 1000
Washington DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Attorneys for Microsoft Corporation

## **ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filing party hereby attests that all signatories listed concur in this filing's content and have authorized this filing.

*/s/ M. Elizabeth Day*